# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Hansel Ernesto Silveira Castellanos, | Case No. 2:22-cv-00303-JAD-DJA |
| Plaintiff, | |
| v. | **Order** |
| Sandra Villalovo, et al., | |
| Defendant. | |

Plaintiff is an inmate at the Clark County Detention Center and is proceeding *pro se* under 28 U.S.C. § 1915.  Plaintiff has applied to proceed *in forma pauperis.*  (ECF No. 1).  Plaintiff also submitted a complaint (ECF No. 1-1) and an amended complaint (ECF No. 3).  While Plaintiff's application to proceed *in forma pauperis* is in English, his complaints are in Spanish.  Plaintiff includes a single sentence cover letter in his amended complaint stating, "please help no English sor[r]y…"  (ECF No. 3-1 at 1).

## I.    *In forma pauperis* application.

Plaintiff has filed the application required by § 1915(a).  (ECF No. 1).  Plaintiff has shown an inability to prepay fees and costs or to give security for them.  Accordingly, the request to proceed *in forma pauperis* will be granted under 28 U.S.C. § 1915(a).  The Court will now review Plaintiff's complaint.

## II.    Screening standard.

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint under § 1915(e).  Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend

1   the complaint with directions as to curing its deficiencies, unless it is clear from the face of the

2   complaint that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70

3   F.3d 1103, 1106 (9th Cir. 1995).

4        Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a

5   complaint for failure to state a claim upon which relief can be granted.  Review under Rule

6   12(b)(6) is essentially a ruling on a question of law.  *See Chappel v. Lab. Corp. of Am.*, 232 F.3d

7   719, 723 (9th Cir. 2000).  A properly pled complaint must provide a short and plain statement of

8   the claim showing that the pleader is entitled to relief.  Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v.*

9   *Twombly*, 550 U.S. 544, 555 (2007).  Although Rule 8 does not require detailed factual

10  allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the

11  elements of a cause of action."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v.*

12  *Allain*, 478 U.S. 265, 286 (1986)).  The court must accept as true all well-pled factual allegations

13  contained in the complaint, but the same requirement does not apply to legal conclusions.  *Iqbal*,

14  556 U.S. at 679.  Mere recitals of the elements of a cause of action, supported only by conclusory

15  allegations, do not suffice.  *Id.* at 678.  Secondly, where the claims in the complaint have not

16  crossed the line from conceivable to plausible, the complaint should be dismissed.  *Twombly*, 550

17  U.S. at 570.  Allegations of a *pro se* complaint are held to less stringent standards than formal

18  pleadings drafted by lawyers.  *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding

19  that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

20       Federal courts are courts of limited jurisdiction and possess only that power authorized by

21  the Constitution and statute.  *See Rasul v. Bush*, 542 U.S. 466, 489 (2004).  Under 28 U.S.C.

22  § 1331, federal courts have original jurisdiction over "all civil actions arising under the

23  Constitution, laws, or treaties of the United States."  Cases "arise under" federal law either when

24  federal law creates the cause of action or where the vindication of a right under state law

25  necessarily turns on the construction of federal law.  *Republican Party of Guam v. Gutierrez*, 277

26  F.3d 1086, 1088-89 (9th Cir. 2002).  Whether federal-question jurisdiction exists is based on the

27  "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a

28

1   federal question is presented on the face of the plaintiff's properly pleaded complaint."

2   *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

3   **III.   Discussion.**

4         Courts in this circuit and others require submissions to be in English.  *See Rodriguez v.*

5   *Henry*, No. 2:20-cv-01659-JAM-DMC, 2021 WL 3488058, at *1-2 (E.D. Cal. Aug. 9, 2021)

6   (compiling cases).  In *Calderon v. Woodford*, the Eastern District of California denied a *pro se*

7   prisoner's request to file his complaint in Spanish.  *See Calderon v. Woodford*, No. 1:07-cv-

8   01719-LJO-YNP, 2009 WL 3381035, at *1 (E.D. Cal. Oct. 19, 2009).  The court noted that "the

9   expenditure of public funds on behalf of an indigent litigant is proper only when authorized by

10   Congress."  *Id.* (citing *Tedder v. Odel*, 890 F.2d 210, 211-12 (9th Cir. 1989)) (internal quotations

11   and citations omitted).  The court explained that it was "unaware of any statute authorizing the

12   expenditure of public funds to translate non-English pleadings from indigent, incarcerated

13   plaintiffs," and the "*in forma pauperis* statute does not authorize the expenditure of public funds

14   for translating non-English pleadings."  *Id.*  Thus, the court denied the plaintiff's motion.  *Id.*

15         Here, the Court dismisses Plaintiff's complaint and amended complaint with leave to

16   amend.  All the Plaintiff's allegations in his complaint and amended complaint are written in

17   Spanish and the Court cannot understand them.  To the extent Plaintiff is moving the Court to

18   help translate his complaint through his cover letter, the Court finds the *Calderon* court's

19   analysis—that courts cannot expend public funds to translate an indigent party's documents—

20   persuasive.  The Court thus dismisses Plaintiff's complaint and amended complaint without

21   prejudice, giving him leave to amend.

22

23         **IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma*

24   *pauperis* (ECF No. 1) is **granted.**  The Clerk of Court is kindly directed to file Plaintiff's

25   complaint (ECF No. 1-1) on the docket.

26         **IT IS FURTHER ORDERED** that Plaintiff's complaint and amended complaint are

27   denied without prejudice providing Plaintiff with leave to amend.  Plaintiff will have until

28   **Thursday, May 19, 2022** to file an amended complaint in English.  If Plaintiff chooses to amend

the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) to make the amended complaint complete.  This is because, generally, an amended complaint supersedes the original complaint.  Local Rule 15-1(a) requires that an amended complaint be complete without reference to any prior pleading.  Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged.  **Failure to comply with this order will result in the recommended dismissal of this case.**

DATED: April 19, 2022

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE